HANSON BRIDGETT LLP
PATRICK M. GLENN, SBN 141604
pglenn@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendants
THE PERMANENTE MEDICAL GROUP, INC. and
KAISER FOUNDATION HOSPITALS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MARTINEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>KAISER FOUNDATION HOSPITALS; THE PERMANENTE MEDICAL GROUP, INC.; SERVICE EMPLOYEES INTERNATIONAL UNION; DOES 1 to 10,<br><br>           Defendants. | CASE NO. CV 12-1824 (EMC)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: March 9, 2012<br>Trial Date:        None Set |

### 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Examples of this type of information include, but is not limited to, Protected Health Information. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

4818527.1

1 under the applicable legal principles. The parties further acknowledge, as set forth in Section

2 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

3 information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that

4 must be followed and the standards that will be applied when a party seeks permission from the

5 court to file material under seal.

6           **2. DEFINITIONS**

7     2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

8 information or items under this Order.

9     2.2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

10 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

11 of Civil Procedure 26(c).

12     2.3. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well

13 as their support staff).

14     2.4. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

15 produces in disclosures or in responses to discovery as "CONFIDENTIAL."

16     2.5. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

17 or manner in which it is generated, stored, or maintained (including, among other things,

18 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

19 responses to discovery in this matter.

20     2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

21 litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

22 consultant in this action.

23     2.7. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel

24 does not include Outside Counsel of Record or any other outside counsel.

25     2.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

26 entity not named as a Party to this action.

27 / / /

28 / / /

2.9.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10.  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

1    ## 4. **DURATION**

2    Even after final disposition of this litigation, the confidentiality obligations imposed by this

3    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

5    and defenses in this action, with or without prejudice; and (2) final judgment herein after the

6    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

7    including the time limits for filing any motions or applications for extension of time pursuant to

8    applicable law.

9    ## 5. **DESIGNATING PROTECTED MATERIAL**

10   5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or

11   Non-Party that designates information or items for protection under this Order must take care to

12   limit any such designation to specific material that qualifies under the appropriate standards. The

13   Designating Party must designate for protection only those parts of material, documents, items, or

14   oral or written communications that qualify – so that other portions of the material, documents,

15   items, or communications for which protection is not warranted are not swept unjustifiably within

16   the ambit of this Order.

17   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

18   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

19   unnecessarily encumber or retard the case development process or to impose unnecessary

20   expenses and burdens on other parties) expose the Designating Party to sanctions.

21   If it comes to a Designating Party's attention that information or items that it designated

22   for protection do not qualify for protection, that Designating Party must promptly notify all other

23   Parties that it is withdrawing the mistaken designation.

24   5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (*see,*

25   *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure

26   or Discovery Material that qualifies for protection under this Order must be clearly so designated

27   before the material is disclosed or produced.

28   Designation in conformity with this Order requires:

4818527.1

-4-
STIPULATED PROTECTIVE ORDER
CASE #CV 12-1824 (EMC)

1      (a) for information in documentary form (e.g., paper or electronic documents, but

2  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

3  affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

4  portion or portions of the material on a page qualifies for protection, the Producing Party also must

5  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

6      A Party or Non-Party that makes original documents or materials available for inspection

7  need not designate them for protection until after the inspecting Party has indicated which material

8  it would like copied and produced. During the inspection and before the designation, all of the

9  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

10  Party has identified the documents it wants copied and produced, the Producing Party must

11  determine which documents, or portions thereof, qualify for protection under this Order. Then,

12  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

13  legend to each page that contains Protected Material. If only a portion or portions of the material

14  on a page qualifies for protection, the Producing Party also must clearly identify the protected

15  portion(s) (e.g., by making appropriate markings in the margins).

16      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

17  Designating Party identify on the record, before the close of the deposition, hearing, or other

18  proceeding, all protected testimony.

19      (c) for information produced in some form other than documentary and for any other

20  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

21  or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

22  portion or portions of the information or item warrant protection, the Producing Party, to the

23  extent practicable, shall identify the protected portion(s).

24      5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

25  designate qualified information or items does not, standing alone, waive the Designating Party's

26  right to secure protection under this Order for such material. Upon timely correction of a

27  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

28  in accordance with the provisions of this Order.

4818527.1

1      **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2      6.1. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

3 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

4 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

6 challenge a confidentiality designation by electing not to mount a challenge promptly after the

7 original designation is disclosed.

8      6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

9 by providing written notice of each designation it is challenging and describing the basis for each

10 challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

11 recite that the challenge to confidentiality is being made in accordance with this specific paragraph

12 of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

13 begin the process by conferring directly (in voice to voice dialogue; other forms of communication

14 are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

15 Party must explain the basis for its belief that the confidentiality designation was not proper and

16 must give the Designating Party an opportunity to review the designated material, to reconsider

17 the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

18 designation. A Challenging Party may proceed to the next stage of the challenge process only if it

19 has engaged in this meet and confer process first or establishes that the Designating Party is

20 unwilling to participate in the meet and confer process in a timely manner.

21      6.3. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

22 intervention, the Designating Party shall file and serve a motion to retain confidentiality under

23 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

24 applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

25 agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

26 such motion must be accompanied by a competent declaration affirming that the movant has

27 complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

28 the Designating Party to make such a motion including the required declaration within 21 days (or

4818527.1

1  14 days, if applicable) shall automatically waive the confidentiality designation for each

2  challenged designation. In addition, the Challenging Party may file a motion challenging a

3  confidentiality designation at any time if there is good cause for doing so, including a challenge to

4  the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

5  this provision must be accompanied by a competent declaration affirming that the movant has

6  complied with the meet and confer requirements imposed by the preceding paragraph.

7        The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

9  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

10  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

11  file a motion to retain confidentiality as described above, all parties shall continue to afford the

12  material in question the level of protection to which it is entitled under the Producing Party's

13  designation until the court rules on the challenge.

14        **7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

15        7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

16  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

17  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

18  the categories of persons and under the conditions described in this Order. When the litigation has

19  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

20  DISPOSITION).

21        Protected Material must be stored and maintained by a Receiving Party at a location and in

22  a secure manner that ensures that access is limited to the persons authorized under this Order.

23        7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

24  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25  information or item designated "CONFIDENTIAL" only to:

26        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

27  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

28  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

4818527.1

1  attached hereto as Exhibit A;

2      (b) the officers, directors, and employees (including House Counsel) of the Receiving

3  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

6  reasonably necessary for this litigation and who have signed the "Acknowledgment and

7  Agreement to Be Bound" (Exhibit A);

8      (d) the court and its personnel;

9      (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

10 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

11 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12     (f) during their depositions, witnesses in the action to whom disclosure is reasonably

13 necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

14 unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

15 deposition testimony or exhibits to depositions that reveal Protected Material must be separately

16 bound by the court reporter and may not be disclosed to anyone except as permitted under this

17 Stipulated Protective Order.

18     (g) the author or recipient of a document containing the information or a custodian or other

19 person who otherwise possessed or knew the information.

20  **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

21      **OTHER LITIGATION**

22     If a Party is served with a subpoena or a court order issued in other litigation that compels

23 disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

24 must:

25     (a) promptly notify in writing the Designating Party. Such notification shall include a copy

26 of the subpoena or court order;

27 / / /

28 / / /

4818527.1

1    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

2  other litigation that some or all of the material covered by the subpoena or order is subject to this

3  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

4    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

5  Designating Party whose Protected Material may be affected.

6    If the Designating Party timely seeks a protective order, the Party served with the subpoena

7  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

8  before a determination by the court from which the subpoena or order issued, unless the Party has

9  obtained the Designating Party's permission. The Designating Party shall bear the burden and

10  expense of seeking protection in that court of its confidential material – and nothing in these

11  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

12  disobey a lawful directive from another court.

13                  **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

14                          **PRODUCED IN THIS LITIGATION**

15    (a) The terms of this Order are applicable to information produced by a Non-Party in this

16  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

17  connection with this litigation is protected by the remedies and relief provided by this Order.

18  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

19  additional protections.

20    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

21  Party's confidential information in its possession, and the Party is subject to an agreement with the

22  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23    (1) promptly notify in writing the Requesting Party and the Non-Party that some or

24  all of the information requested is subject to a confidentiality agreement with a Non-Party;

25    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order

26  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

27  information requested; and

28    (3) make the information requested available for inspection by the Non-Party.

4818527.1

1  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days

2  of receiving the notice and accompanying information, the Receiving Party may produce the Non-

3  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks

4  a protective order, the Receiving Party shall not produce any information in its possession or

5  control that is subject to the confidentiality agreement with the Non-Party before a determination

6  by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and

7  expense of seeking protection in this court of its Protected Material.

8  **10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

9  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Stipulated Protective

11  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

13  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

14  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16  **11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

17  **<u>PROTECTED MATERIAL</u>**

18  When a Producing Party gives notice to Receiving Parties that certain inadvertently

19  produced material is subject to a claim of privilege or other protection, the obligations of the

20  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21  provision is not intended to modify whatever procedure may be established in an e-discovery order

22  that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

23  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

24  communication or information covered by the attorney-client privilege or work product protection,

25  _____

26  [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
27  interests in this court.

28

4818527.1

the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

4818527.1

1 | certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

2 | by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

3 | Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

4 | any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

5 | of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

6 | copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

7 | correspondence, deposition and trial exhibits, expert reports, attorney work product, and

8 | consultant and expert work product, even if such materials contain Protected Material. Any such

9 | archival copies that contain or constitute Protected Material remain subject to this Protective Order

10 | as set forth in Section 4 (DURATION).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4818527.1

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: November 7, 2012          HANSON BRIDGETT LLP

4

5                                     By: _____

6                                     LISA M. POOLEY
                                      GILBERT J. TSAI
7                                     Attorneys for Defendants THE PERMANENTE
                                      MEDICAL GROUP, INC. and KAISER
8                                     FOUNDATION HOSPITALS

9
     DATED: November 7, 2012          LAW OFFICES OF JOHN F. MARTIN
10

11
                                      By: _____
12                                    Attorneys for Plaintiff GLORIA MARTINEZ

13
     DATED: November 7, 2012          WEINBERG, ROGER & ROSENFELD
14

15
                                      By: _____
16                                    BRUCE A. HARLAND
                                      YURI Y. GOTTESMAN
17                                    Attorneys for Defendant
                                      SEIU, UHW-WEST
18

19

20    PURSUANT TO STIPULATION, IT IS SO ORDERED.

21    DATED: _____11/8_____, 2012

22

23    _____

24    Honorable Edward M. Chen
      United States Di_____
25

26                        IT IS SO ORDERED

27
                                      Judge Edward M. Chen
28

4818527.1

-13-
STIPULATED PROTECTIVE ORDER
CASE #CV 12-1824 (EMC)

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on _____[date] in the case of GLORIA MARTINEZ v.

7

KAISER FOUNDATION HOSPITALS; THE PERMANENTE MEDICAL GROUP, INC.; and

8

SERVICE EMPLOYEES INTERNATIONAL UNION, Case No. CV 12-1824 (EMC). I agree to

9

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

10

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

11

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

12

item that is subject to this Stipulated Protective Order to any person or entity except in strict

13

compliance with the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16

Order, even if such enforcement proceedings occur after termination of this action.

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone number]

19

as my California agent for service of process in connection with this action or any proceedings

20

related to enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

Printed name: _____

25

[printed name]

26

Signature: _____

27

28

4818527.1